UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JULIE COTTLE & JASON COTTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 09-cv-272-P-S |
| | ) |
| DOC JOHNSON ENTERPRISES, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE TESTIMONY**

Before the Court is Defendant's Daubert Motion to Exclude the Testimony of Thomas L. Bohan and Laszlo Sogor, M.D., Ph.D (Docket # 21). Having reviewed all of the submissions of both sides in connection with the motion, the Court DENIES the Motion without prejudice to Defendant raising any of its objections at trial.

Defendant argues that the proffered expert testimony of both Bohan and Sogor does not meet the requirements of Rule 702, as interpreted by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999). Defendant's arguments that the proposed expert testimony does not "fit" with the facts requires this Court to consider the reliability and relevance of the proposed testimony.[1]

With respect to Dr. Sogor, the Court is satisfied that the factual dispute regarding his interpretation of the operative note does not provide a basis for excluding Dr. Sogor from testifying. Rather, Defendant's objections regarding the factual foundation for Sogor's opinions are best resolved at trial with question-specific objections and "the adversary process" of

---

[1] In an effort to craft an order that does not have to be filed under seal, the Court is limiting its discussion of the record, much of which the parties have been allowed to file under seal given the nature of the facts and exhibits.

"competing expert testimony and active cross-examination." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998).

The Court reaches a similar conclusion regarding Defendant's request to exclude Dr. Bohan, a forensic engineer, from testifying at trial. While Defendant claims that Bohan's investigation of the device that allegedly caused Plaintiff's injury is insufficient, the Court believes that his proffered opinions rest on an adequate and reliable visual and x-ray examination and that Bohan's testimony regarding the conclusions he has drawn from that examination will assist the jury in this case. Ultimately, Defendant's objections "go to the weight of the proffered testimony, not to its admissibility." Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007). At trial, the Court will consider limiting Bohan's testimony based on any appropriate objection by Defendants.

To the extent Defendant's Motion asks this Court to make a pretrial ruling excluding the testimony of Sogor and Bohan, the Motion is DENIED. This ruling is made without prejudice to Defendant renewing its objections at trial.

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 2nd day of March, 2010.